675 P.2d 1323

**PHOENIX GENERAL HOSPITAL,**
Petitioner,

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; the Honorable Edmund G. Noyes; and Kathleen A. Zaleski, real party in interest, Respondents.**

**Steven J. REINHART, D.O., Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, and the Honorable Warren L. McCarthy, Judge of the Superior Court of Arizona and Medical Liability and Review Panel Chairman, and the Honorable E.G. Noyes, Jr., a Judge of the Superior Court of Arizona, and Kathleen A. Zaleski, a single person, Respondents.**

**Nos. 17194–SA, 17222–SA.**

Supreme Court of Arizona,
En Banc.

Jan. 23, 1984.

Fennemore, Craig, von Ammon, Udall & Powers by R.C. Mitten, Marc Kalish, Phoenix, for petitioner Phoenix General Hosp.

Teilborg, Sanders, Haga & Parks by Richard A. Kent, Phoenix, for petitioner Reinhart.

Wykoff & Charles by Robert A. Hayes, Glendale, for respondent Zaleski.

FELDMAN, Justice.

Petitioners in these two special actions, brought pursuant to the Rules of Procedure for Special Actions, 17A A.R.S., are defendants in a single medical malpractice action presently pending before the Superior Court of Maricopa County. The real parties in interest in both special action proceedings are the plaintiffs in the malpractice action. The respondent judges are judges of the Superior Court of Maricopa County who have been assigned to and have ruled on various issues in the malpractice cases.

Section 12–567(A) & (B), 4 A.R.S. (Supp. 1983) requires that in all actions brought against a "health provider," the superior court convene a "medical liability review panel." The statute provides that the panel shall hear the case, determine if the evidence supports judgment for plaintiff or defendant, and shall render a decision, finding for the plaintiff or for the defendant. *Id.* subsects. (F) and (G). The statute further provides that the decision of the panel shall be admitted in evidence at the trial of the case. *Id.* subsect. (K). In *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977), we upheld these provisions of the malpractice act against an attack based, *inter alia*, on the argument that the statutory requirements were offensive to art. 6, § 1 of the Arizona Constitution, which vests judicial power in the court system. In so holding, we stated that the decision of the panel was not admitted in evidence as the decision of a judicial tribunal, but, rather, as a statement of opinion to which the jury might give such weight as it deemed appropriate and which was subject to impeachment. *Eastin v. Broomfield*, 116 Ariz. at 582, 570 P.2d at 750.

Apparently in order to minimize the effect of an expected unfavorable panel result, counsel for the malpractice plaintiffs in the cases at bench appeared before the panel but declined to participate, refused to offer any evidence or to cross-examine, and, in effect, stood mute. No doubt, at the trial which will follow, plaintiffs will argue that the jury should give little weight to the unfavorable panel decision because the panel did not hear the evidence the plaintiffs will have presented to the trial jury.

Dismayed by this "end run", defendants made various motions in the superior court. Defendants attempted to force plaintiffs to litigate before the panel and, failing that, moved the court for an order imposing sanctions, including summary judgment dismissing the malpractice actions. Judge Noyes, a respondent in the special action, denied those motions. He made the following order:

The cases and authorities cited by Defendants firmly establish that a medical malpractice Plaintiff must go before a Medical Review Liability Panel [sic] for a hearing before that Plaintiff is entitled to a trial before a jury. This Plaintiff complied with that Mandate. The Court finds nowhere in the pertinent statutes, rules, and cases authority to support the drastic sanctions sought by Defendants here; namely, Summary Judgment against Plaintiff on the merits of the lawsuit as a penalty for Plaintiff's intentional failure to present anything to the Medical Review Liability Panel [sic], or to Defendants during discovery in connection with that panel. Plaintiff's failure to present any evidence does not preclude the panel from seeking and obtaining evidence: '... the panel may, upon application of any party or upon its own initiative, summon or subpoena any other records, or persons to substantiate or clarify any evidence which has been presented to it and may appoint impartial and qualified health care providers to conduct any necessary professional or expert examination of the Plaintiff or any evidentiary matter and to testify as a witness...' A.R.S. § 12–567(d).

Defendants' Motion for Summary Judgment is denied.

Defendants now seek the intervention of this court by petition for special action, claiming that Judge Noyes abused his discretion or acted without or in excess of his jurisdiction in denying the motions for dis-

**506**

missal. We accepted jurisdiction because the issue is one not yet decided under Arizona law and because the number of cases recently before us on special action petitions indicate numerous unresolved problems with regard to the panel procedure specified by the Act. We believe, therefore, that the cases present matters of public concern and importance. *See King v. Superior Court*, 138 Ariz. 147, 673 P.2d 787 (1983). We have jurisdiction under Rule 8, Rules of Procedure for Special Actions, 17A A.R.S., and Arizona Constitution art. 6 § 5(3).

■ In essence, defendants below, petitioners here, argue that the failure of the malpractice plaintiffs to present evidence before the review panel violates the intent of the malpractice act and constitutes a waiver of the right to present their claims to a jury. The malpractice defendants contend that subsection (F) [1] indicates a legislative intent that evidence be presented to the panel so that it may determine whether the evidence supports judgment for the plaintiff or defendant. They argue that the legislative purpose of the Act is emasculated if plaintiffs stand mute, present no evidence in support of their claims, and then attack the panel's finding at the subsequent jury trial on the ground that the panel did not have all the evidence before it.

The malpractice plaintiffs claim, on the other hand, that the language of subsection (D), providing that "[w]itnesses may be called ... testimony may be taken ... records ... [and] ... statements of fact or opinions ... may be admitted", is all permissive rather than mandatory. Thus, plaintiffs argue, by having counsel appear and stand mute, they have obeyed the requirement that there be a hearing and that the claim be submitted to a panel. Having so submitted their claim and received an unfavorable decision, they are entitled,

they argue, to proceed to trial pursuant to the provisions of A.R.S. § 12–567(H). At trial the panel's unfavorable finding may be introduced as evidence, subject to their right to impeach that finding under the holding in *Eastin v. Broomfield, supra.*

The technique used by the plaintiffs in the case at bench does affect the efficacy of the Act. Nevertheless, we agree with the holding of the trial court. The plaintiffs here did not fail to attend a scheduled hearing nor did they disobey any order of the court. They attended, by counsel, and elected to offer no evidence. They chose to do nothing at the hearing; they may do the same at trial. It is their right to do nothing at a hearing, and it is their right to do nothing at trial. In the former case, the decision of the panel was against them, and in the latter event the judgment of the court will be against them.

■ Defendants argue that sanctions may be imposed for a party's failure to make a good-faith compliance with the statutes and rules [2] in question and that dismissal is the one sanction which will ensure that these and future malpractice plaintiffs do make a good-faith effort to litigate before the panel. No doubt their analysis has merit, but no procedure exists that would allow such action. The constitution forbids us to confer such power on the panel itself. Art. 6, § 1 vests judicial power "in an integrated judicial department consisting of a supreme court, ... a superior court, ...." Malpractice panels, consisting of a lawyer, doctor and judge, are not a tribunal of the judicial department and do not have "judicial power." Judgment for or against a party cannot be rendered by such a panel. It was for that reason that we held in *Eastin v. Broomfield, supra*, that the panel decision could only be admitted in evidence as if it were a statement of expert opinion, which the

---

**1.** § 12–567(F), 4 A.R.S., states: "The panel shall determine, with respect to each claim against each defendant, whether the evidence presented to the panel by all parties supports a judgment for the plaintiff or for the defendant."

**2.** This court has promulgated "Uniform Rules of Procedure for Medical Liability Review Panels", 17A A.R.S. These rules govern *procedure* relating to preparation for and conduct of the panel hearing.

court and its jury could accept or reject under the applicable rules of law. Neither the uniform rules (see n. 2) nor the rules of civil procedure contemplate the sanction of judgment for failure to present evidence before a master, referee or any other non-judicial officer or tribunal. *Cf.* Rule 37, Rules of Civil Procedure, 16 A.R.S. We decline the invitation to create such a rule by retroactive decision.

Judgment is rendered by the court, either on motion or after trial, on the basis of evidence submitted to and considered by the court. The panel decision is but one piece of evidence. If a party chooses not to present argument or evidence to the panel, it will almost certainly rule against him and this ruling will be admitted at trial. No other penalty is provided by law for not diligently litigating[3] before the panel.

The prayer for relief is denied.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

---

3. We note, also, the difficulty of determining in each case just what would constitute a diligent, good faith effort to litigate before the panel. Panel hearings are not intended to substitute for trial; counsel will often need to choose what evidence to present.