Donna RUBINO, Plaintiff,

v.

Gabriel DE FRETIAS, M.D. and Arizona Cancer Institute, Inc., Defendants.

No. CIV 84–285 PHX EHC.

United States District Court, D. Arizona.

June 20, 1986.

Dennis I. Wilenchik, Storey & Ross, Phoenix, Ariz., Louis A.J. Rubino, Boulder, Colo., for plaintiff.

Lawrence Winthrop, Snell & Wilmer, Eileen J. Moore, Snell & Wilmer, Phoenix, Ariz., for defendants.

### ORDER

CARROLL, District Judge.

On May 3, 1985, plaintiff filed a Motion to Amend and Supplement the Complaint and lodged a proposed Amended Complaint. Plaintiff's Sixth Claim alleged that:

> On March 3, 1981, the defendant was instructed by the plaintiff, upon defendant's recommendation, to enlarge a two inch margin of the excision taken on January 29, 1981. Plaintiff gave her consent only to enlarge the original area of excision; plaintiff did not consent to having her vaccination mark removed by the defendant. Defendant, without plaintiff's knowledge or consent, intentionally excised plaintiff's vaccination mark on March 3, 1981. As a direct and proximate result of this battery, plaintiff suffered injuries and was forced to incur additional medical costs.

On June 5, 1985, the Court denied plaintiff's Motion to Amend and Supplement the Complaint with respect to this claim, stating "[a] lack of informed consent is more appropriately an issue of negligence." (citing *Cobbs v. Grant*, 8 Cal.3d 229, 240–41, 502 P.2d 1, 8, 104 Cal.Rptr. 505, 512 (1972)). The Court further noted that the proposed Sixth Claim was identical to the Second Claim in the Complaint.

On January 23, 1986, plaintiff filed a Motion For Reconsideration of the Motion to Amend and Supplement the Complaint. Defendant filed a responsive memorandum on January 29, 1986. Following oral argument, the Court granted the Motion For Reconsideration, subject to disposition of the certification order by the Arizona Supreme Court. Upon reviewing the procedural posture of this case, it is apparent that the question presented is not appropriate for certification.[1] Accordingly, this Court must address the constitutionality of the legislative abrogation of the common law cause of action for battery arising out of an unauthorized medical procedure by a medical practitioner.[2]

### The Tort of Lack of Informed Consent: Battery, Malpractice Distinguished

■ There is a fundamental difference between a battery action, based upon a theory of lack of informed consent, and a malpractice action. *Fiske v. Soland*, 8 Ariz.App. 585, 587, 448 P.2d 429, 431 (1969); *Shetter v. Rochelle*, 2 Ariz.App. 358, 367, 409 P.2d 74, 83 (1965), *as modified*, 2 Ariz.App. 607, 411 P.2d 45 (1966). The lack of informed consent issue is properly pleaded in negligence where a patient consents to a certain treatment and the physician performs that treatment but fails to disclose a resulting complication which he was required to disclose under standards of professional practice. *Cathemer v. Hunter*, 27 Ariz.App. 780, 784, 558 P.2d 975, 979 (1976). The battery theory is reserved for those instances where a doctor performs a medical procedure to which the plaintiff has not consented. *Id.* at 784, 558 P.2d at 979. The question whether a physi-

---

1. Ariz.Rev.Stat. § 12–1861 (1984) provides:

   The supreme court may answer questions of law certified to it by ... a United States district court when requested by the certifying court if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court and the intermediate appellate courts of this state.

   As this Court has before it a Motion For Reconsideration of the Motion to Amend and Supplement the Complaint, disposition of the question of law presented therein shall not be determina-

   tive of the cause. Thus the question is not appropriate for certification under the statute cited above.

2. Although ten years have passed since the legislative abrogation of a patient's common-law right to sue his physician upon the theory of assault and battery, the constitutionality of this statutory provision, A.R.S. § 12–562(B) (1976), has not been addressed by the appellate courts of Arizona. The Arizona Court of Appeals, Division Two, expressly declined jurisdiction to address this question, finding the orders of the superior court were not appealable. *Galaz v. Vinyard*, 128 Ariz. 606, 627 P.2d 1104 (1981).

cian has complied with good professional practice is immaterial in a lack of informed consent action pleaded in battery. *Id.* at 783, 558 P.2d at 978 (citing Prosser, The Law of Torts 103–05 (4th ed. 1971)). The essence of an informed consent question in a battery case is what procedure the patient agreed with the physician to have performed, and whether the ultimate contact by the physician was within the scope of the patient's consent." *Id.* at 783, 558 P.2d at 978.

The nature of plaintiff's claim is clear upon examination of the Sixth Claim of the proposed Amended Complaint. Plaintiff does not allege the excision was unskillfully performed but that she did not understand or otherwise consent to removal of her vaccination mark. The Sixth Claim alleges that plaintiff was damaged by the inherent nature of the excision itself, not by a resulting condition of which defendant had a duty to disclose. Accordingly, plaintiff's Sixth Claim is properly pleaded in battery. See *Fiske,* 8 Ariz.App. at 587, 448 P.2d at 431.

### The Constitutionality of the Legislative Abrogation of the Common Law Cause of Action For Battery

"Arizona's Thirty-Second Legislature in its First Special Session in 1976 abrogated a patient's common-law right to sue his physician or medical health provider upon the theory of assault and battery.[3] Ariz. Rev.Stat. § 12–562(B)." *Cathemer,* 27 Ariz.App. at 783 n.2, 558 P.2d at 978 n.2. As the Arizona Supreme Court recently recognized, the legislature's prerogative to regulate tort law is expressly limited by our organic law:

> The creation of rights by tort theory is primarily a matter of state law; the state may create such rights, provide defenses to them and regulate them, except that once such rights have been created and

vested the state may not arbitrarily abrogate them.

.     .     .     .     .

Thus within the wide limits of due process law, states are free to create, define, limit and regulate tort law. This principle would ordinarily give our legislature wide latitude, except that, unlike most states, the legislative prerogative in Arizona is expressly limited by our organic law.

*Kenyon v. Hammer,* 142 Ariz. 69, 79, 688 P.2d 961, 971 (1984).

The Abrogation Clause of Article 18, Section 6 of the Arizona Constitution imposes this limitation upon the legislature's power to abrogate rights existing at common law. This Clause provides:

> The right of action to recover damages for injuries shall never be abrogated. . . .

Any discussion of the Abrogation Clause is incomplete without consideration of the "vital language" in the second clause of Article 18, Section 6 and Article 2, Section 31 of the Arizona Constitution. *Kilpatrick v. Superior Court,* 105 Ariz. 413, 420, 466 P.2d 18, 25 (1970). These sections forbid the imposition of a statutory limitation on the amount to be recovered in a suit for damages. This prohibition was considered of such importance that it was included in two articles of the Arizona Constitution. The second clause of Article 18, Section 6 provides:

> [T]he amount [of damages] recovered shall not be subject to any statutory limitation.

Article 2, Section 31 provides:

> No law shall be enacted in this state limiting the amount of damages to be recovered for causing the death or injury of any person.

While Article 2, Section 31 of the Arizona Constitution does not expressly prohibit legislation which would abrogate causes of

---

**3.** Under the common-law of torts, the right to refuse medical treatment emerged from the doctrines of trespass and battery, which were applied to unauthorized contact by a physician. *Mills v. Rogers,* 457 U.S. 291, 294 n.4, 102 S.Ct. 2442, 2446 n. 4, 73 L.Ed.2d 16 (1982). For a

discussion of the formulation of the common-law of battery based upon lack of consent, see *Kennedy v. Parrott,* 243 N.C. 355, 90 S.E.2d 754 (1956). See also *Schloendorff v. Society of New York Hospital,* 211 N.Y. 125, 105 N.E. 92, 93 (1914).

action existing at common law, the legislative history demonstrates that Section 31 of Article 2 was intended to guarantee the same basic right as the Abrogation Clause.[4]

> It is obvious ... that the two provisions were intended to guarantee the same basic right. It is fair to suppose that by curtailing the legislature's power to limit the amount of damages recovered the convention intended to proscribe legislation which would abolish or abrogate causes of action, since abrogation not only limits the amount recoverable but allows no recovery at all....

*Kenyon,* 142 Ariz. at 81, 688 P.2d at 973.

Arizona courts have long recognized that the Abrogation Clause, in conjunction with the constitutional proscription of statutory limitation on the amount to be recovered in a suit for damages, confers a constitutional right to recover damages for injuries as existing under the common law. *Kenyon,* 142 Ariz. at 82, 688 P.2d at 974; *Kilpatrick,* 105 Ariz. at 419, 466 P.2d at 24; *Morrell v. Phoenix,* 16 Ariz. 511, 517, 147 P. 732, 736 (1915). Accordingly, this Court finds that the Arizona Constitution establishes a fundamental right to bring an action against a physician founded upon the common law theory of assault and battery.

While the legislature may properly prescribe reasonable conditions governing the exercise of the right to sue, *Phoenix General Hospital v. Superior Court,* 138 Ariz. 504, 675 P.2d 1323 (1984); *Eastin v. Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977); *Kilpatrick,* 105 Ariz. at 420, 466 P.2d at 25, the legislature cannot take away the right to recover damages for injuries as existed at the time of adoption of the Arizona Constitution. *Kenyon,* 142

Ariz. at 82, 688 P.2d at 974; *Industrial Comm'n v. Frohmiller,* 60 Ariz. 464, 468, 140 P.2d 219, 221 (1943); *Harrington v. Flanders,* 2 Ariz.App. 265, 266, 407 P.2d 946, 947 (1965).

Defendant's assertion that A.R.S. § 12–562 does not abrogate plaintiff's right to recover for damages arising out of the underlying medical procedure but merely limits the theories upon which such action may be brought fails to recognize that in the context of informed consent, battery and negligence (malpractice) constitute separate causes of action. While the label placed upon a cause of action does not have great significance, theories of liability still have substance. *Shetter,* 2 Ariz.App. at 366, 409 P.2d at 82. Whether an action is founded in battery or negligence is not merely a matter of evidence and procedure. The theory of liability may very well determine what injury has resulted from the wrong committed. *Id.* at 366, 409 P.2d at 82.

Each theory of liability preserves a distinct societal interest in the physician-patient relationship. The battery theory sustains a patient's right of self-determination; the negligence theory recognizes a physician's obligation to provide reasonable disclosure of the available choices with respect to the proposed procedures and the dangers inherently and potentially involved in each.[5] A patient's right of self-determination may be violated, even though his health is significantly improved. Thus the law of battery does not require the patient be physically damaged. *Gerety,* 92 N.M. at 407, 589 P.2d at 191. In limiting actions against medical health providers to medical malpractice actions and prohibiting an ac-

---

4. The legislative history indicates that the original language of Arizona's constitutional prohibition against imposition of statutes limiting the amount of damages to be recovered was from the Wyoming Constitution. *Kenyon,* 142 Ariz. at 80 n.9, 688 P.2d at 972 n.9.

  Wyoming Const., Art. 10, Sec. 4 (1913) provides in relevant part:
  No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person.

The Wyoming Supreme Court has recognized that this section prohibits legislative abrogation of common law rights. *Markle v. Williamson,* 518 P.2d 621, 625 (Wyo.1974).

5. See *Gerety v. Demers,* 92 N.M. 396, 406, 589 P.2d 180, 190 (1978); *Cobbs,* 8 Cal.3d at 244, 104 Cal.Rptr. at 514, 502 P.2d at 10.

tion based upon assault and battery, the legislature has not merely regulated the right to sue but abrogated the patient's basic common law right to enforce his right of self-determination, in violation of Article 2, Section 31 and Article 18, Section 6 of the Arizona Constitution.

Accordingly,

IT IS ORDERED that plaintiff's Motion For Reconsideration of the Motion to Amend and Supplement the Complaint is granted with respect to the Sixth Claim.