900 P.2d 1225

**FRY'S FOOD STORES OF ARIZONA, INC., a California corporation; and Vine Court Assurance Company, a Vermont corporation, as subrogee, Plaintiffs–Appellants,**

**v.**

**MATHER AND ASSOCIATES, INC., an Arizona corporation; Joseph A. Gervasio and Jane Doe Gervasio, husband and wife; W.M. Grace Construction, Inc., a Missouri corporation; and Simpson Strong–Tie Structures, a California corporation, aka Simpson Strong Tie Company, Inc., Simpson Manufacturing Company, Inc., and Simpson Company, Defendants–Appellees.**

Nos. 1 CA–CV 92–0335, 1 CA–CV 93–0505.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 3, 1995.

---

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by George H. Mitchell and Christopher Robbins, Phoenix, for plaintiffs-appellants.

Bonnett, Fairbourn, Friedman, Hienton, Miner & Fry, P.C. by Francis J. Balint, Jr., Phoenix, for defendant-appellee Gervasio.

Law Offices of Michael Herzog by Michael Herzog, Phoenix, for defendant-appellee Simpson Strong–Tie Structures.

Murphy & Posner by Terry L. Rakow and Robert R. Bauer, Phoenix, for defendant-appellee Mather and Associates, Inc.

Garrey & Curran, P.C. by D. Reid Garrey, Margaret Khalil, and Shawna M. Woner, Scottsdale, for defendant-appellee W.M. Grace Const., Inc.

## OPINION

FIDEL, Presiding Judge.

■ Arizona Revised Statutes Annotated ("A.R.S.") § 12–552—the construction statute of repose—is limited by its terms to actions "based in contract." Does the statute apply to tort claims to recover property damage allegedly caused by the negligent performance of construction contracts? We hold that it does not.

### I. Facts and Procedural History

These consolidated appeals arise from dismissal of plaintiffs' complaint for failure to state a cause of action. *See* Ariz.R.Civ.P. 12(b)(6), 16 A.R.S. In reviewing an order of dismissal pursuant to Rule 12(b)(6), we accept as true the well-pled facts in the complaint. *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984).

A windstorm in 1989 lifted a 500–foot–long canopy from the wall of a Fry's warehouse onto the warehouse roof, causing extensive exterior and interior damage. The canopy had been installed in 1974.

On July 29, 1991, plaintiffs filed this action alleging that the project architect, structural engineer, general contractor, and canopy subcontractor had negligently selected and installed the connectors that held the canopy in place.

In motions to dismiss, defendants argued that plaintiffs' action arose from a contract to construct an improvement to real property and was therefore barred by the eight-year construction statute of repose, A.R.S. § 12–552. Although plaintiffs had not sued for breach of contract and had alleged only negligence and negligence per se, the trial court granted defendants' motions, stating:

> The Court gives to [A.R.S. § 12–552] a common meaning which most clearly effectuates the legislative [intent]. That meaning is that if the action arises out of a contract or is generated by the contractual relationship which existed between the parties, the action is barred.

The court denied plaintiffs' motion for reconsideration, granted defendants' application for attorneys' fees under A.R.S. § 12–341.01(A), and entered formal judgment against plaintiffs. Plaintiffs' appeal from this judgment is designated 1 CA–CV 92–0335.

Upon plaintiffs' subsequent motion, this court temporarily stayed the appeal to permit plaintiffs to bring a statutory amendment to the attention of the trial court through the medium of a motion for relief from judgment pursuant to Rule 60(c)(6), Ariz.R.Civ.P. When the trial court denied relief, plaintiffs filed 1 CA–CV 93–0505, the second of these consolidated appeals.

### II. Statute of Repose

A.R.S. § 12–552(A) provides:

> Notwithstanding any other statute, no action or arbitration *based in contract* may

be instituted or maintained against a person who develops or develops and sells real property, or performs or furnishes the design, specifications, surveying, planning, supervision, testing, construction or observation of construction of an improvement to real property more than eight years after substantial completion of the improvement to real property.

(Emphasis added.)[1]

The question is whether plaintiffs' action, though sounding exclusively in tort, is "based in contract" within the meaning of the statute. The trial court found that the statute applies because the parties' relationships—the relationships that generated defendants' duty of care—were based in contract. We conclude that the trial court erred.

We base our holding on two directives found in *Hayes v. Continental Insurance Co.*, 178 Ariz. 264, 872 P.2d 668 (1994): 1) When statutory language reasonably permits an alternative construction, avoid construing the statute in a way that renders it unconstitutional; 2) Unless the legislature makes explicit an abrogative or preemptive purpose, avoid construing a statute in a manner that preempts or abrogates a common-law action. *Id.* at 272, 872 P.2d at 676.

■ To adopt the trial court's construction would violate both directives. First, it would render the statute unconstitutional. Our constitution provides, "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." Ariz. Const. art. 18, § 6, A.R.S.

1A. Article 18, § 6 is not limited to actions for personal injuries; it applies to property damage actions as well. *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 9, 15, 730 P.2d 186, 192 (1986). A statute abrogates a cause of action if it "bars a cause of action before it [can] legitimately be brought." *Hazine v. Montgomery Elevator Co.*, 176 Ariz. 340, 342, 861 P.2d 625, 627 (1993) (quoting *Kenyon v. Hammer*, 142 Ariz. 69, 74–75, 688 P.2d 961, 966–67 (1984)).[2] To apply the construction statute of repose to negligence actions such as this would abolish such claims not only before they could be brought but before any injury had occurred. *Id.* We must avoid that construction if the statute lends itself to a reasonable and constitutional alternative construction. *Hayes*, 178 Ariz. at 272, 872 P.2d at 676.

Second, to adopt the trial court's construction would preempt or abrogate a common-law negligence action when the statute's text and history show no explicit abrogative intent. *Id.* at 273, 872 P.2d at 677. Our supreme court stated in *Hayes*, "If the legislature intends to deny, abrogate, or preempt, it must clearly say so." *Id.* at 274, 872 P.2d at 678. There is no such expression in § 12–552.

The statute of repose applies to actions and arbitrations "based in contract." The legislature defines "based in contract" as "an action based on a written real estate contract, sales agreement, construction agreement, conveyance or written agreement for construction or for the services set forth in subsection A of this section." A.R.S. § 12–552(F) (Supp.1994). This language may reasonably be construed as inapplicable to negli-

---

1. In 1992, the legislature added subsection 12–552(G), which provides:

  With respect to an improvement to real property that was substantially complete on or before September 15, 1989, the eight and nine-year periods established in subsection A and B of this section shall begin to run on September 15, 1989. Notwithstanding the provisions of subsection B of this section and § 12–505, subsection A, this subsection applies to claims that accrued before the effective date of this amendment to this section.
  Laws 1992, ch. 104, § 2.

This amendment was the subject of plaintiffs' Rule 60(c)(6) motion for relief from judgment. In appeal 1 CA–CV 93–0505, the parties debate whether application of this amendment would deprive defendants of a vested right. This question is mooted by our resolution of plaintiffs' first appeal, in which we decide that, with or without the addition of subsection G, § 12–552 does not apply to negligence claims.

2. The trial court had no opportunity to consider *Hazine* or *Hayes*, both of which were issued when this case was on appeal.

gence actions among contracting parties. *Cf. Barmat v. John & Jane Doe Partners A–D,* 155 Ariz. 519, 747 P.2d 1218 (1987) (professional malpractice actions do not "aris[e] out of a contract" for purposes of an award of attorney's fees under A.R.S. § 12–341.01(A), even though the parties had contracted for professional services).

Following *Hayes, Hazine,* and the Arizona Constitution, we therefore conclude that the construction statute of repose does not apply to negligence claims and that plaintiffs' lawsuit was improperly dismissed.

### III.   Attorneys' Fees

■ The trial court awarded attorneys' fees to defendants under A.R.S. § 12–341.01(A). Because they are no longer the successful party, that award must be reversed. We address the availability of fees, however, because the issue may arise again when the merits are resolved.

Section 12–341.01(A) states, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." Although this suit is brought between contracting parties, it is a negligence suit to which the statute does not apply. "The legislature clearly did not intend that every tort case would be eligible for an award of fees whenever the parties had some sort of contractual relationship...." *Barmat,* 155 Ariz at 524, 747 P.2d at 1223. Section 12–341.01(A) does not permit an award of attorneys' fees in this case.

### IV.   Conclusion

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

NOYES and GARBARINO, JJ., concur.