**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BATAA/KIERLAND, LLC, | No. 14-16419 |
| Debtor, | D.C. No. 2:13-cv-00179-JWS |
| JPMCC 2007-CIBC 19 EAST GREENWAY, LLC, | MEMORANDUM* |
| Plaintiff - Appellee, | |
| v. | |
| MAUREEN GAUGHAN, CHAPTER 11 TRUSTEE OF BATAA/KIERLAND LLC, | |
| Debtor - Appellant, | |
| BATAA/KIERLAND II, LLC; BANKERS TRUST COMPANY, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted March 18, 2016
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

JPMCC 2007-CIBC 19 East Greenway, LLC ("JPMCC") brought an adversary proceeding in the United States Bankruptcy Court against the bankruptcy debtor, Bataa/Kierland, LLC ("Kierland I"), as well as Kierland I's related entity, Bataa/Kierland II, LLC ("Kierland II"), and Bankers Trust Company, a secured creditor of Kierland II (collectively, the "Appellants"). The adversary proceeding involved a dispute over a parking easement affecting the property of Kierland I and Kierland II, which owns the lot adjacent to Kierland I's. Kierland I and Kierland II are both owed by the same corporate entity, Bataa Oil, a closed corporation whose sole shareholders at the relevant time were David and Anne Calvin.

JPMCC, a secured creditor of Kierland I possessing a lien against Kierland I's property, sought a declaratory judgment that the easement between Kierland I and Kierland II extended to a parking garage on Kierland II's property, thus giving Kierland I access to the garage and consequently protecting the value of JPMCC's security interest in Kierland I's property. Rather than resolve the issue in the adversary proceeding, the bankruptcy court addressed it in its consideration of

---

[**] The Honorable Edward R. Korman, District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Kierland I's proposed reorganization plan in the related Chapter 11 case. In that case, the bankruptcy court confirmed Kierland I's proposed plan and held that the easement did not extend to the garage on Kierland II's property without payment of additional compensation to Kierland II. Based on this holding, the bankruptcy court subsequently granted summary judgment for Appellants in the adversary proceeding. Alleging that they were the successful parties in the adversary proceeding in which JPMCC sought a declaratory judgment, Appellants then successfully applied for attorneys' fees under the Arizona fee-shifting statute, Ariz. Rev. Stat. Ann. § 12-341.01, which awards fees to the "successful party" in an action arising out of a contract.

In the first of two appeals from the bankruptcy court's confirmation of Kierland I's reorganization plan, the district court vacated the confirmation order and remanded for further proceedings. Ultimately, in the second appeal following that initial remand, the district court ruled in JPMCC's favor and held that, "as a matter of law, the parking easement . . . granted [Kierland I] an easement in the continued use of the parking spaces physically located on the Kierland II property without reimbursement for the cost of constructing the parking garage."

After the first appeal of the plan confirmation and before the second, the district court—acting on the appeal of JPMCC—reversed the bankruptcy court's grant of

attorneys' fees to Appellants. The present appeal is from that order. Appellants argue that, because the bankruptcy court granted them summary judgment in the adversary proceeding—a decision from which JPMCC voluntarily dismissed its appeal—Appellants remain the "successful" parties as to that proceeding notwithstanding the fact that the grant of summary judgment was meaningless because the subsequent reversal of the plan confirmation rendered Appellants the losing parties in the contractual dispute over the easement on which they had prevailed in the adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

Appellants' position overlooks the fact that JPMCC had appealed the bankruptcy court's grant of summary judgment, and that that appeal was dismissed pursuant to an agreement in which the parties stipulated, as relevant here, that the dismissal would "not prejudice [JPMCC's] rights in any manner" in JPMCC's appeal of the attorneys' fees the bankruptcy court awarded in the adversary proceeding. Thus, the parties agreed that Appellants' claim to attorneys' fees would rise or fall with the plan confirmation appeal. This is analogous to a situation where a losing party prevails on appeal, which would result in a fees award being vacated. See, e.g., Tritschler v. Allstate Ins. Co., 213 Ariz. 505, 521 (Ct. App. 2006); Fry's Food Stores of Ariz., Inc. v. Mather & Assocs., Inc., 183 Ariz. 89, 92 (Ct. App. 1995). Because

4

the related plan confirmation appeals to our court have been dismissed pursuant to a joint stipulation, the last word on the disputed easement issue remains the district court's ruling in favor of JPMCC, and thus, Appellants are not the successful parties and are not entitled to attorneys' fees.

**AFFIRMED.**