[Civ. No. 10010.  Second Appellate District, Division One.—January 3, 1935.]

THE PEOPLE, Respondent, v. HERBERT'S OF LOS ANGELES, INC. (a Corporation), Defendant; M. W. ENGLEMAN, Appellant.

Craig & Weller and M. L. Granger for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The "Retail Sales Tax Act of 1933" is a statute approved July 31, 1933, and which was to "take effect

immediately''. (Stats. 1933, p. 2599; Deering's 1933 Supplement, Act 8493, p. 2359.) This action was brought by the state to enforce the payment of taxes claimed under the provisions of that act. Defendant Engleman appeals from the judgment, which was entered against him upon his failure to answer after the court had overruled his demurrer to the plaintiff's complaint.

Appellant makes the following statement of the question involved in his appeal: ''If a cafe operator, having enjoyed a retail sales business producing gross receipts of a certain volume, fails to pay a tax of two and one-half per cent thereon, under chapter 1020 of Statutes of 1933, and thereafter executes a common law assignment for the benefit of creditors, what preference, if any, shall be given the tax, and is such tax the basis for impressing a lien upon property in the hands of the assignee?''

Appellant rests his case first upon the proposition that the exaction imposed by the sales tax is not upon the retailer but upon the consumer. He admits that the other points made by him on this appeal are corollaries of the first, and must stand or fall according to the decision of this court with reference to the first point.

The title of the act in question reads as follows: ''An act imposing a tax for the privilege of selling tangible personal property and for the privilege of furnishing, preparing or serving tangible personal property, providing for permits to retailers, providing for the levying, assessing, collecting, paying and disposing of such tax, making an appropriation for the administration hereof, prescribing penalties for violations of the provisions hereof, and providing this act shall take effect immediately.''

Appellant admits that the title of this act indicates an intention on the part of the legislature to impose a tax on the retailer and relate it entirely to his privilege of selling tangible personal property at retail. His claim, however, is that the provisions of the act do not correspond to the legislative intent as expressed in the title, and that, on the contrary, the bill was drafted to directly impose the burden of payment upon the consumer. We think that this claim is not well founded.

To see that the tax imposed is a tax on the retailer and not on the consumer it is only necessary to observe the

declarations to that effect which recur frequently in the statute; as, for example, in sections 3, 9, 22, 24 and 27. This was the opinion of the United States District Court for the Northern District of California, where three judges were sitting as a statutory court. (*Meyer Construction Co.* v. *Corbett,* 7 Fed. Supp. 616.) That decision, while not of binding authority here, has persuasive force.

The argument against this conclusion, as presented by appellant, rests upon certain provisions of the statute which point out the procedure by which the retailer making the sale is required to collect the tax from the consumer "in so far as the same can be done" (sec. 8½); and especially upon the definition of "gross receipts" (sec. 2, subd. f), and the provision therein that "for the purposes of this act the total amount of the sale price above mentioned shall be deemed to be the amount received exclusive of the tax hereby imposed; provided, that the retailers shall establish to the satisfaction of the board that the tax imposed hereunder had been added to the sale price and not absorbed by the retailer". These provisions do, of course, indicate the source from which the retailer is authorized to reimburse himself for the tax which he must pay to the state "for the privilege of selling tangible personal property at retail". The tax is upon the privilege of transacting the business. But we find in the statute nothing which imposes the tax upon the consumer, or which conflicts with the clearly expressed imposition of tax upon the retail dealer and upon him only. That in ultimate effect the fund out of which payment is made may be or in fact has been obtained by the dealer from his customers, does not make the tax a levy upon the consumer.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 30, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 4, 1935.