[Civ. No. 10143. Second Appellate District, Division Two.—April 16, 1935.]

RIO GRANDE OIL COMPANY (a Texas Corporation), Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Robert A. Todd, Deputy City Attorney, for Appellant.

H. L. Dunnigan and Gordon A. Goodwin for Respondent.

U. S. Webb, Attorney-General, and H. H. Linney and Eugene M. Elson, Deputies Attorney-General, as *Amici Curiae* on Behalf of Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff in an action to recover the purchase price of a quantity of gasoline, including the amount of the tax imposed by the Motor Vehicle Fuel License Tax Act (Stats. 1923, p. 571, and amendatory acts), which item was separately stated. It is conceded that the gasoline involved was "to be used in essential governmental functions". The judgment was for the full amount of the claim including the tax. ■ The sole question presented is this: Is a municipality entitled to purchase motor vehicle fuel from a distributor without payment either by the distributor or the city of the three cents per gallon tax? The contention of the city is that the tax, in effect, is a sales tax and as such is laid upon the fuel and is paid by the purchaser and that a municipality as purchaser cannot be compelled to pay such a tax on fuel which is used for essential governmental purposes. A necessary element of the city's contention is that the tax is paid not by the distributor but by the consumer. Other points made by the city in its briefs are corollaries of this first point and must stand or fall according to the decision with reference thereto. The question is one of general interest throughout the state and the attorney-general of the state of California has filed a brief as *amicus curiae*.

The question seems to be already definitely settled in California. The Supreme Court in the case of *People* v. *Ventura Refining Co.*, 204 Cal. 286 [268 Pac. 347, 350, 283 Pac. 60], in construing this law, said, "The clear intent of the law was to levy an excise or occupation tax upon *distributors* of motor vehicle fuel, giving such distributors, however, ample opportunity to fully indemnify themselves by adding the amount of the tax to the selling price of the fuel and thus in effect collect the tax from the consumer." In the case of *People* v. *Herbert's of Los Angeles, Inc.*, 3 Cal. App. (2d) 482 [39 Pac. (2d) 829], a similar question was presented under the provisions of the Retail Sales Tax

Act of 1933. (Stats. 1933, p. 2599.) The appellant therein contended that while the title of the act indicated an intention to impose a tax on the retailer and relate it entirely to his privilege of selling tangible personal property at retail, yet the bill itself imposed the burden of payment on the consumer. This was the sole question involved in the case and the court (Mr. Presiding Justice Nathaniel P. Conrey writing the opinion) said, ''We think this claim is not well founded. . . . The tax is upon the privilege of transacting the business. But we find in the statute nothing which imposes the tax upon the consumer, or which conflicts with the clearly expressed imposition of tax upon the retail dealer and upon him only. That in ultimate effect the fund out of which payment is made may be or in fact has been obtained by the dealer from his customers, does not make the tax a levy upon the consumer.''

A similar question was presented in the recent case of *Meyer Construction Co.* v. *Corbett*, 7 Fed. Supp. 616. The court said, ''The act clearly shows that the tax here in question is a tax on the retailer and not on the consumer. . . . The Retail Sales Tax Act creates the relationship of sovereign power and taxpayer between the state and the retailer, and not between the state and the consumer.''

It is apparent from what has been said that the tax is levied against the distributor and not against the city or its property, that in the enforcement of the tax the state is exercising its sovereign power against the distributor, which power it is authorized to so use, and not against the city, and therefore the city's contention is not tenable.

Judgment affirmed.

Stephens, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1935.

Thompson, J., voted for a hearing.