[Civ. No. 50689. Second Dist., Div. One. Jan. 31, 1978.]

IRVING KESSLER, Plaintiff and Respondent, v.
DUDLEY GRAY, Defendant and Appellant.

## COUNSEL

Bonelli, Malone, Wood & Lyden and D. Michael Lyden for Defendant and Appellant.

Edward B. Mills for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Irving Kessler sued Dudley Gray, an attorney, for professional negligence. Gray admitted negligence in failing to bring a cross-complaint filed by Kessler against Milton Koomer and Joel Bressel to trial within the required period so that the cross-complaint was dismissed for want of prosecution. Gray, however, resisted Kessler's right to recover on the theory that Kessler's lawsuit against Koomer and Bressel would not have been successful. That issue was tried to a jury which awarded Kessler $25,500 computed as the amount of actual damage Kessler would have recovered on his cross-complaint.

In this appeal from the resulting judgment, Gray contends: (1) there is a lack of substantial evidence that either Koomer or Bressel had knowledge of a withheld fact which is the only basis of the fraud; and (2) the jury was improperly instructed that a sale of shares by Koomer and Bressel was a joint venture, thus permitting the jury to find that both would have been liable although fraud was committed by only one, so that the assets of both Koomer and Bressel could be aggregated to determine collectibility of judgment on the cross-complaint.

We conclude: (1) any lack of substantial evidence is invited error within the rule of *Watenpaugh* v. *State Teachers' Retirement* (1959) 51 Cal.2d 675, 680 [336 P.2d 165]; and (2) the jury instruction if improper is harmless error. Accordingly, we affirm the judgment.

### Facts

The Lido Hotel is located at the corner of Yucca and Wilcox in Hollywood. Since 1963, the hotel property has been encumbered by a deed of trust securing a loan from Home Savings and Loan Association. In 1966, Edgar De Britto, with associates, purchased the hotel and assumed the loan secured by the deed of trust. In November of that year,

De Britto leased the restaurant and cocktail lounge in the hotel for a term of five years with an option to renew for a like period to WHAB VIII, Inc., a corporation wholly owned by Milton Koomer and Mr. and Mrs. Joel Bressel. The lease was subordinate to the deed of trust.

By January of 1967, the note secured by the deed of trust was in default. On May 9, 1967, Home threatened to foreclose.

On May 22, 1967, Koomer and Bressel agreed to sell all of the stock of WHAB VIII to Irving Kessler who agreed to pay them $32,500 for the corporation's shares payable $20,000 in cash and the remainder by the assumption of an existing debt plus a new note. Kessler also agreed to pay $4,000 for inventory. The agreement recites that WHAB VIII is a tenant under a valid lease of the Lido Hotel restaurant and bar. It states that the transaction is to be consummated through an escrow.

On June 2, 1967, while the escrow was pending, Home filed a notice of default of its trust deed and an election to sell under the power of the deed of trust. Sometime prior to June 6, Home took possession of the hotel and assumed its management. It installed its own agent as resident manager.

On July 11, 1967, the escrow closed, neither Koomer nor Bressel having told Kessler of the impending foreclosure. Kessler undertook management of the restaurant and bar as the sole owner of WHAB VIII. Having discovered soon after that the hotel was in dire financial condition, he did not make payment on the notes he became obligated to pay at the close of escrow.

On November 27, 1967, the foreclosure sale of the hotel was consummated with Home as the purchaser. In December, Home served a notice to quit on Kessler and followed it with an unlawful detainer action. Kessler caused WHAB VIII to vacate the bar and restaurant.

Koomer and Bressel sued Kessler for nonpayment of the notes. Kessler filed a cross-complaint based upon the asserted fraud and misrepresentations of Koomer and Bressel. Gray and Patrick Smith, Gray's agent, were substituted as Kessler's counsel. Gray and Smith neglected to bring the matter to trial within the statutory five-year period so that the cross-complaint was dismissed for failure to prosecute it. Koomer, at least, had assets subject to execution well in excess of $25,500.

Kessler then sued Gray for malpractice. Trial was to a jury. Gray admitted responsibility for his and his agent's negligence but claimed Kessler had not been damaged, thus necessitating a trial of the merit of Kessler's claim against Koomer and Bressel and the question of collectibility of any judgment that might have been granted to Kessler in that action.

Evidence at trial developed the facts recited above. Kessler called as a witness Charles Buckner, an employee of the restaurant and bar prior to the close of escrow. Upon a request for an offer of proof from Kessler, his counsel stated that Buckner would testify that prior to the close of escrow he informed Koomer that he intended to quit because he was not making enough money, and that Koomer replied asking him to continue working because "the bank was going to take the building over and shut the bar down." Gray's objection to the evidence on the ground of hearsay and Evidence Code section 352 was sustained.

The jury found for Kessler, awarding him damages of $25,500.

### Substantial Evidence

■ Phrased as an attack upon the evidentiary support for the judgment and a contention that the trial court erred in denying a motion of Gray for a judgment n.o.v. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, §§ 353, 374), Gray claims on this appeal that there is a fatal flaw in the evidence because of a lack of testimony from which knowledge prior to the close of escrow by Koomer or Bressel of the impending foreclosure can be inferred. Gray does not question the substantiality of evidence supporting the other elements of fraud.

Gray cannot, on this appeal, raise the evidentiary deficiency asserted by him. ■ "Under the doctrine of invited error, a party may not object to the sufficiency of the evidence to support a finding against him when the lack is the result of improper exclusion of evidence at his own instance." (*Watenpaugh* v. *State Teachers' Retirement, supra,* 51 Cal.2d 675, 680.)

■ Koomer's admission to Buckner would have supplied the evidence the lack of which Gray now claims is fatal to the judgment. The admission was erroneously excluded upon Gray's objection that it was hearsay and unduly prejudicial within the meaning of Evidence Code section 352.

■ The hearsay objection was improperly sustained. The first step in deciding the propriety of the hearsay objection is here, as it always is, the determination of the relevancy of the offered evidence. Here the evidence is relevant to prove the case that Kessler would have made against Koomer had Gray not been negligent in failing to pursue the cross-complaint. Whether or not the statement is admissible as a hearsay exception in the Kessler-Gray litigation is thus not significant. Viewed in the perspective of its relevance, the evidence of the statement is admissible if it would have been received in the Kessler-Koomer litigation. Unquestionably, the evidence would have been admissible there as an admission of Koomer (Evid. Code, § 1220) and as establishing the declarant's state of mind (Evid. Code, § 1200).

■ The alternative ground of objection pursuant to Evidence Code section 352 was also not a basis for the exclusion of the Buckner testimony.

■ Evidence Code section 352 vests discretion in the trial judge to exclude evidence where its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time or create substantial danger of prejudice, of confusion of issues, or of misleading a jury. "The discretion granted the trial court by section 352 is not absolute [citations] and must be exercised reasonably in accord with the facts before the court." (*Brainard* v. *Cotner* (1976) 59 Cal.App.3d 790, 796 [130 Cal.Rptr. 915].)

Reasonable exercise of trial court discretion pursuant to Evidence Code section 352 requires that the trial judge balance the probative value of the offered evidence against its potential of prejudice, undue consumption of time, and confusion. (Jefferson, Cal. Evidence Benchbook (Cont.Ed.Bar 1972) Comment, § 22.1, p. 288.) ■ That balancing process requires consideration of the relationship between the evidence and the relevant inferences to be drawn from it, whether the evidence is relevant to the main or only a collateral issue, and the necessity of the evidence to the proponent's case as well as the reasons recited in section 352 for exclusion. (Jefferson, Cal. Evidence Benchbook, *supra*, pp. 288-289.) ■ The more substantial the probative value of the evidence, the greater the danger of the presence of one of the excluding factors that must be present to support an exercise of trial court discretion excluding the evidence. (*Id.,* at p. 289.)

Where the evidence relates to a critical issue, directly supports an inference relevant to that issue, and other evidence does not as directly support the same inference, the testimony must be received over a section 352 objection absent highly unusual circumstances. ■ Here the Buckner testimony would have directly and strongly supported the inference that Koomer knew of the pending foreclosure and closure of the bar before his sale of stock to Kessler was consummated. Here Koomer's knowledge of the impending foreclosure and closure is a vital issue in the case. Here no other evidence approaches the value of the Buckner testimony in supporting the vital inference. Here prejudice flowing from the Buckner testimony is only that inherent in its relevance, no possibility of confusion exists, and there is no indication that exploration of the issue will consume court time in excess of that required for a fair trial. In those circumstances, we must conclude that there is not a reasonable basis for exercise of trial court discretion excluding the Buckner testimony pursuant to Evidence Code section 352.

*Jury Instruction*

■ Over Gray's objection, the trial court instructed the jury that where one partner or joint venturer acting within the scope of the partnership or venture is guilty of fraud all partners and venturers are jointly and individually liable. Gray argues on appeal that there is no evidence in the record establishing that Koomer and Bressel were engaged in a joint venture in the sale of their shares of WHAB VIII, and that hence the instructions were erroneous.

Assuming that the jury was improperly instructed on the issue of a Koomer-Bressel joint venture or partnership, the error is harmless. There is no reasonable probability that a result more favorable to Gray would have ensued had the instructions not been given. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], cert. den. *sub nom. Watson* v. *Teets, Warden* (1957) 355 U.S. 846 [2 L.Ed.2d 55, 78 S.Ct. 70].) In the context of the case at bench, the instructions concern only the collectibility of any judgment Kessler might have attained in his lawsuit with Koomer and Bressel. The record clearly establishes without contradiction that Koomer's assets were sufficient to satisfy Kessler's damage. As we have noted, the record fully supports the conclusion that Kessler would have obtained a judgment based primarily upon Koomer's personal knowledge of the pending foreclosure and closure. Whether or

not Bressel would also have been held liable is thus irrelevant to the issue here.

*Disposition*

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.