[No. A031017. First Dist., Div. Five. Apr. 24, 1986.]

LUCIE G. MICHAIL, Plaintiff and Appellant, v.
FLUOR MINING AND METALS, INC., Defendant and Respondent.

**COUNSEL**

Judith A. Mazia for Plaintiff and Appellant.

Christopher E. Cobey and Jackson, Lewis, Schnitzler & Krupman for Defendant and Respondent.

**OPINION**

**KING, J.**—In this case we hold that in an action claiming employment discrimination the trial court may exercise its discretion to exclude from evidence a determination issued by the United States Equal Employment Opportunity Commission upon the same claim.

Lucie G. Michail appeals from a judgment in an employment discrimination action under the California Fair Employment and Housing Act (FEHA). (Gov. Code, § 12900 et seq.) We affirm.

Michail was hired by Fluor Mining and Metals, Inc. (Fluor) as a principal electrical engineer. She was later denied a promotion to chief engineer and eventually was terminated due to "lack of work."

Michail initially lodged a complaint with the EEOC claiming the denial of a promotion and her termination were because of her sex. After an investigation the EEOC issued a "Determination" finding there was reasonable cause to believe Michail was terminated due to her sex, but no reasonable cause to believe she was denied a promotion for that reason. A "Determination" is issued by EEOC without a hearing at which the employer can present evidence and cross-examine opposing witnesses. It results in an invitation by EEOC to begin a process of conciliation to attempt to resolve the dispute.

Thereafter, Michail filed this action for employment discrimination, based upon the FEHA. At trial Fluor's motion *in limine* to exclude evidence of the EEOC determination was granted. A jury subsequently rendered a verdict in favor of Fluor.

■ Michail contends the court should have followed federal decisions which have applied a per se standard to the admissibility of EEOC determinations.[1] Fluor responds that the EEOC determination was properly excluded because it was irrelevant and because its probative value was substantially outweighed by its prejudicial effect. The court reasoned the evidence was not relevant and was hearsay, and "it would be extremely prejudicial to present it to a jury."[2]

■ Decisions of federal courts are not binding on state courts in matters of state law. (*People* v. *Herbert's of Los Angeles, Inc.* (1935) 3 Cal.App.2d 482 [39 P.2d 829]; *Estate of Sloan* (1963) 222 Cal.App.2d 283 [35 Cal.Rptr. 167].) Thus, the federal cases cited by the parties have only persuasive value and the trial court was free to not follow them.

■ California trial judges have considerable discretion under Evidence Code section 352 to exclude evidence if its probative value is substantially outweighed by its prejudicial effect. (*People* v. *Smith* (1984) 151 Cal.App.3d 89 [198 Cal.Rptr. 623]; *Kessler* v. *Gray* (1978) 77 Cal.App.3d 284 [143 Cal.Rptr. 496].) The court's exercise of discretion will be upheld

---

[1]The Ninth and Fifth Circuits have held that EEOC determinations are per se admissible in both jury and nonjury trials. (*Plummer* v. *Western Inter. Hotels Co., Inc.* (9th Cir. 1981) 656 F.2d 502; *McClure* v. *Mexia Independent School Dist.* (5th Cir. 1985) 750 F.2d 396.) The Second, Third, Fourth, Sixth, and Tenth Circuits have applied a discretionary standard for admitting EEOC determinations. (*Gillin* v. *Federal Paper Board Company, Inc.* (2d Cir. 1973) 479 F.2d 97; *Nulf* v. *International Paper Co.* (10th Cir. 1981) 656 F.2d 553; *Walton* v. *Eaton Corp.* (3d Cir. 1977) 563 F.2d 66; *Cox* v. *Babcock and Wilcox Company* (4th Cir. 1972) 471 F.2d 13; *Heard* v. *Mueller Company* (6th Cir. 1972) 464 F.2d 190; *Johnson* v. *Yellow Freight System, Inc.* (8th Cir. 1984) 734 F.2d 1304.)

[2]We need not address the issues of hearsay and relevance since the EEOC determination was properly excluded under Evidence Code section 352.

on appeal unless a clear error of law or manifest abuse of discretion is demonstrated. (*People* v. *Love* (1977) 75 Cal.App.3d 928 [142 Cal.Rptr. 532].) The record need only reflect that the judge did in fact weigh prejudice against probative value. (*People* v. *Green* (1980) 27 Cal.3d 1 [164 Cal.Rptr. 1, 609 P.2d 468].) A full expression on the record of the court's basis for excluding evidence under section 352 is not required. *(People* v. *Love, supra,* 75 Cal.App.3d at p. 939.)

Here, the court specifically identified undue prejudice as the basis for excluding the EEOC determination. In addition, there are numerous instances in the record which reflect the court's weighing of probative value against prejudice.

In short, regardless of conflicting federal decisions, the court properly weighed the conflicting factors and excluded the EEOC determination under Evidence Code section 352.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 1986.