SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| MADELINE SHOTWELL, | ) | Arizona Supreme Court |
| | ) | No.  CV-03-0122-PR |
| Petitioner, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No.  1 CA-SA 03-0017 |
| THE HONORABLE GARY DONAHOE, | ) | |
| Judge of the SUPERIOR COURT OF | ) | Maricopa County |
| THE STATE OF ARIZONA, in and for | ) | Superior Court |
| the County of MARICOPA, | ) | No.  CV 2000-020518 |
| | ) | |
| Respondent Judge, | ) | |
| | ) | |
| SMITH PAINTING, INC.; MICHAEL C. | ) | |
| SMITH and LINDA L. SMITH, | ) | |
| husband and wife, | ) | **O P I N I O N** |
| | ) | |
| Real Parties in Interest. | ) | |
| _____ | ) | |

Special Action from the Superior Court in Maricopa County
The Honorable Gary E. Donahoe, Judge

**VACATED, REMANDED**

Court of Appeals, Division One
Memorandum Decision (filed Mar. 11, 2003)

**VACATED**

JACKSON WHITE, P.C.                                                    Mesa
     by   Michael R. Pruitt
     and  Bobbie J. Rasmusson
Attorneys for Petitioner

STEINER & STEINER, P.C.                                             Phoenix
     by   Richard A. Steiner
     and  Norris C. Livoni
Attorneys for Real Parties in Interest
Smith Painting, Inc., Michael C. Smith, and Linda L. Smith

JABBURG & WILK, P.C.                                              Phoenix
     by   Kraig J. Marton
     and  Gregory S. Fisher
and
THE GRIMWOOD LAW FIRM                                             Phoenix
     by   N. Douglas Grimwood
Attorneys for Amicus Curiae
Arizona Employment Lawyers Association

---

**B E R C H**, Justice

¶1      This case requires us to determine whether a reasonable cause determination letter issued by the United States Equal Employment Opportunity Commission ("EEOC") is automatically admissible as evidence in a Title VII employment discrimination lawsuit.  We reject the Ninth Circuit rule that an EEOC reasonable cause determination is admissible per se and hold that the Arizona Rules of Evidence govern the admissibility of such determination letters in cases brought in Arizona state courts.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2      Madeline Shotwell filed a Charge of Discrimination with the EEOC, alleging that her former employer, Smith Painting, Inc., harassed her and discriminated against her on the basis of her sex and permitted such an offensive and hostile work environment that she was constructively discharged from her job.  The EEOC investigated Shotwell's allegations and issued a reasonable cause determination letter (the "Determination") concluding that Shotwell had been discriminated against.  This

- 2 -

Determination, which is the subject of this litigation, reads as follows:

>Examination of the evidence reveals that [Smith Painting] created an intimidating, hostile, and offensive work environment by allowing unwelcome conduct of a sexual nature, which unreasonably interfered with [Shotwell's] work performance. [Shotwell] indicated that the sexual conduct was unwelcome by reporting the incidents to both her supervisor and the owner. As a result, [Smith Painting] stated that it had extensive interviews with [Shotwell's] co-workers and supervising personnel concerning her claims of sexual harassment. However, [Smith Painting] later stated that it does not have any recorded interviews or signed statements, and that it has not created an internal file regarding [Shotwell's] allegations. In addition, [Shotwell] was demoted after she complained of sexual harassment. As a result of the treatment she received, and [Smith Painting's] failure to address her concerns, [Shotwell] resigned. Moreover, [Smith Painting] has no sexual harassment policy.

>The [EEOC] has previously determined that the employer is responsible for the unlawful conduct where the employer knew[] or should have known of the conduct, unless the employer can show it took immediate and appropriate corrective action. [Smith Painting] had clear knowledge of [Shotwell's] complaint[s.] However, [Smith Painting] has no records which indicate that an investigation occurred once the sexual harassment was reported. Moreover, [Smith Painting's] failure to establish a sexual harassment policy indicates that it did not exercise reasonable care to prevent and correct sexual harassment within the organization.

>Accordingly, I find reasonable cause to believe that [Smith Painting] discriminated against [Shotwell] by sexually harassing her based on her sex.

>I also find reasonable cause to believe that [Smith Painting] retaliated against [Shotwell] by demoting her from her Foreman position because she complained of the sexual harassment.

> I also find reasonable cause to believe [Smith Painting] constructively discharged [Shotwell] in that the harassment suffered made working at the company so unbearable, she was forced to terminate her employment.

In addition to the foregoing Determination, the EEOC also issued Shotwell a Notice of Right to Sue confirming that "[t]he EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge," but advising that the EEOC would not bring the suit on her behalf. Shotwell then filed a complaint in superior court alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) to 2000(e)(17) (1994) (the "Act").

¶3     Smith Painting moved in limine to preclude use of the various letters and notices issued by the EEOC. The trial court granted Smith Painting's motion to preclude the Determination, but denied it as to the Charge of Discrimination and the Notice of Right to Sue, ruling that the latter two documents would be admissible. After the superior court denied Shotwell's motion for reconsideration, Shotwell petitioned the court of appeals for special action relief. Believing itself bound by the Ninth Circuit's rule that EEOC reasonable cause determination letters are "per se" admissible, the court of appeals accepted jurisdiction and granted relief. We granted Smith Painting's petition for review. We have jurisdiction pursuant to Article

6, Section 5(3) of the Constitution of the State of Arizona and Arizona Revised Statutes ("A.R.S.") section 12-120.24 (2003).

## DISCUSSION

### A.    Per se Admissibility

¶4        Whether Arizona courts must apply the Ninth Circuit rule making EEOC reasonable cause determinations automatically admissible in Title VII litigation and, if not, whether the court should adopt such a rule are questions of law that we address de novo.  *See Nielson v. Patterson*, 204 Ariz. 530, 531, ¶ 5, 65 P.3d 911, 912 (2003) (approving de novo review of legal issues).

¶5        Shotwell premises her position that the Determination should be automatically admissible on policy concerns and Ninth Circuit case law holding that EEOC reasonable cause determinations are per se admissible in Title VII lawsuits. *See, e.g., Bradshaw v. Zoological Soc'y of San Diego*, 569 F.2d 1066, 1069 (9th Cir. 1978).

¶6        We are not persuaded that we must or even should adopt the per se rule.  Generally speaking, while federal laws control the substantive aspects of federal claims adjudicated in state courts, state rules of procedure and evidence apply unless the state rules would affect the substantive federal right.  *See Felder v. Casey*, 487 U.S. 131, 138, 108 S. Ct. 2302, 2306-07 (1988); *see also Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394,

399-400, ¶ 12, 10 P.3d 1181, 1186-87 (App. 2000). Arizona's Rules of Evidence therefore apply in adjudications of federal claims so long as their application does not impair a litigant's substantive federal rights. *Yauch*, 198 Ariz. at 399-400, ¶ 12, 10 P.3d at 1186-87; *cf. Logerquist v. McVey*, 196 Ariz. 470, 481-90, ¶¶ 33-61, 1 P.3d 113, 124-33 (2000) (interpreting Arizona Rule of Evidence 703 differently than its federal counterpart).

¶7 Shotwell conceded in her supplemental briefs and at the oral argument that Arizona courts need not follow the Ninth Circuit's per se rule, although she vigorously argued that we should do so. Implicit in her concession is the acknowledgement that failure to apply the per se rule would not affect her substantive federal rights.

¶8 This concession was properly made. Nothing in Title VII itself affords litigants an unfettered ability to introduce an EEOC reasonable cause determination in Title VII adjudications. *See* 42 U.S.C. §§ 2000(e) to 2000(e)(17); *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 156 (5th Cir. 1972) (noting that "[t]he Civil Rights Act admittedly contains nothing to authorize the admission of the EEOC's findings into evidence"); Michael D. Moberly, *Admission Possible: Reconsidering the Impact of EEOC Reasonable Cause Determinations in the Ninth Circuit*, 24 Pepp. L. Rev. 37, 41 (1996) (stating that "Congress has not addressed whether EEOC reasonable cause

determinations are admissible in subsequent employment discrimination litigation"). Thus because the admissibility of an EEOC determination is a purely evidentiary issue that does not affect any substantive federal right, Arizona courts are not required to follow the Ninth Circuit's per se rule.

¶9 But even if Arizona courts were bound to apply federal procedural rules to Title VII cases, the split in the federal circuits addressing this issue would afford us the latitude to adopt either the Ninth Circuit's per se rule or the majority position, a discretionary approach governed by the Federal Rules of Evidence, which, in this instance, parallel the corollary Arizona rules. Because both the majority and minority approaches are federal law, we are free either to adopt or reject the Ninth Circuit's per se rule based on our own reasoning and analysis.

¶10 We begin our analysis by considering the origin of the per se rule and examining the extent to which it has been adopted in other jurisdictions. The rule originated in *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir. 1972). *See Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 504 (9th Cir. 1981). Reasoning that EEOC investigators are "trained and experienced in [investigating] discriminatory practices," the Fifth Circuit concluded that ignoring such resources "would be wasteful and unnecessary." *Smith*, 454 F.2d at 157. The court

then found that the "highly probative" nature of an EEOC report "outweighs any possible prejudice to [a] defendant." *Id*. Finally, the court concluded that although the report was hearsay, it fell within the exclusion for official reports in Federal Rule 803(8)(C) and was therefore admissible. *Id*. at 157-58. The Fifth Circuit has, however, since retreated from the per se rule. *See Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-02 (5th Cir. 1992) (stating that admission of an EEOC probable cause determination is subject to the trial judge's discretion under Rule 403); *see also* Michael D. Moberly, *The Admissibility of EEOC and Arizona Civil Rights Division Determinations in State Court Employment Discrimination Litigation*, 33 Ariz. St. L.J. 265, 273-74 & n.48 (2001) [hereinafter "Moberly"] (noting Fifth Circuit's retreat from the per se rule).

¶11 The Ninth Circuit embraced the per se approach in *Bradshaw*, 569 F.2d at 1069. In that case, the district court struck the EEOC determination the plaintiff had attached to her complaint. *Id*. at 1068-69. The court of appeals reversed, concluding, with little analysis, that the EEOC determination was admissible. *Id*. at 1069 (citing *Smith*, 454 F.2d at 156-58). In *Plummer*, the Ninth Circuit extended the rule to apply in a case tried before a jury. 656 F.2d at 505.

¶12 The Ninth Circuit, however, is the only circuit that

- 8 -

employs the per se admissibility rule. *See Plummer*, 656 F.2d at 504 n.5; Moberly, *supra* ¶ 10, at 273 (2001) (stating that only the Ninth Circuit follows the per se rule). Every other circuit that has considered the matter affords the trial court discretion under the Federal Rules of Evidence to examine the relevance of the determination in light of the facts of the case and to weigh it against other factors – such as unfair prejudice, confusion of the jury, or waste of time – that may militate in favor of excluding all or part of the document. *See Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (holding the admissibility of an EEOC reasonable cause determination is within the trial court's discretion); *Barfield v. Orange County*, 911 F.2d 644, 649-50 (11th Cir. 1990) (same); *Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (same); *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309-10 (8th Cir. 1984) (same); *Walton v. Eaton Corp.*, 563 F.2d 66, 75 (3d Cir. 1977) (same); *see also Cantu v. City of Seattle*, 752 P.2d 390, 391 (Wash. App. 1988) (noting that the Second, Third, Fourth, Sixth, Eighth, and Tenth Circuit Courts of Appeal have rejected the per se rule in favor of a discretionary standard); *cf. Smith v. MIT*, 877 F.2d 1106, 1113 (1st Cir. 1989) (holding admissibility of EEOC *investigative materials* subject to the discretion of the trial court); *Whatley v. Skaggs Cos.*, 707 F.2d 1129, 1137 (10th Cir. 1983) (holding

- 9 -

trial court's admission of a reasonable cause determination "appear[ed] to be error," but that the error was harmless); *Gillin v. Fed. Paper Bd. Co.,* 479 F.2d 97, 99-100 (2d Cir. 1973) (refusing to reverse a trial court's exclusion of an EEOC investigatory report from evidence); *Cox v. Babcock & Wilcox Co.,* 471 F.2d 13, 15 (4th Cir. 1972) (recognizing a trial court's discretion over whether EEOC records are admissible). The Ninth Circuit stands alone in refusing to afford the trial court any discretion in the admission of EEOC reasonable cause determinations.

¶13    Despite the rule's lack of support in other jurisdictions, Shotwell and amicus curiae Arizona Employment Lawyers Association advance several reasons in favor of adopting the Ninth Circuit rule.  First, they argue, such a bright-line rule would be easy to apply.  Second, per se admissibility will encourage employers to participate in EEOC investigations. Third, it will encourage settlement of employment discrimination cases.

¶14    We have our doubts about the latter propositions. Whether we adopt the per se rule or not, employers will be encouraged to participate in investigations and settle their cases — if indeed such a rule encourages participation and settlement — because Arizona is in the Ninth Circuit, which continues to employ the per se rule.  Employers usually will not

- 10 -

know in advance whether a plaintiff intends to file suit in state or federal court. Therefore, if a per se rule tends to encourage participation in the EEOC's investigatory process or settlement of cases, the incentive remains regardless of any ruling this court might make on the matter.

¶15 And the assertion that the per se admissibility of EEOC probable cause determinations encourages employers to participate in EEOC proceedings and to settle Title VII disputes is unsupported and certainly debatable. It seems equally likely that an employer subject to a per se admissibility rule might be disinclined to participate in an EEOC investigation if the evidence gathered will ultimately be used in court against the employer.

¶16 On this point, we recall Arizona's experience with Medical Liability Review Panels ("MLRPs"), which were also initially thought to encourage participation in investigations and settlement of medical malpractice cases. *Eastin v. Broomfield*, 116 Ariz. 576, 583, 570 P.2d 744, 751 (1977); Jona Goldschmidt, *Where Have All the Panels Gone? A History of the Arizona Medical Liability Review Panel*, 23 Ariz. St. L.J. 1018-19 (1991). Instead, parties often elected not to participate in the review so they could attack the anticipated adverse findings of the review panel, which were statutorily admissible per se in

any ensuing malpractice litigation.[1] In light of its unsuccessful track record, the panel was eventually terminated. 1989 Ariz. Sess. Laws, ch. 289, § 1 (repealing A.R.S. § 12-567). Thus, we are not persuaded that employers are encouraged to participate in EEOC investigations or to settle cases by reason of the per se admission at trial of the EEOC determination. Nor, we note, has Shotwell presented any evidence or cited any cases demonstrating that the per se rule encourages the result she claims.

¶17 Shotwell next argues that this court's adoption of the per se rule would foster uniformity in Title VII adjudications, whether brought in the District Court for the District of

---

[1] An MLRP heard evidence and made a finding as to "whether the evidence presented to the panel . . . support[ed] a judgment for the plaintiff or for the defendant." A.R.S. § 12-567(F) (Supp. 1988) (repealed, 1989 Ariz. Sess. Laws, ch. 289, § 1). The Arizona Legislature specifically made MLRP findings and conclusions admissible in a malpractice trial. *See* A.R.S. § 12-567(K) (also repealed). This court noted that, "in order to minimize the effect of an expected unfavorable panel result," which was admissible per se in ensuing medical malpractice litigation, plaintiffs stood mute rather than presenting evidence to an MLRP. *Phoenix Gen. Hosp. v. Superior Court*, 138 Ariz. 504, 505, 675 P.2d 1323, 1324 (1984). Then at trial the plaintiff would argue that the MLRP findings and conclusions should be given little weight because the MLRP did not hear the plaintiff's evidence. *Id*. The experience from this related area contradicts Shotwell's contention that employers are more likely to participate in administrative investigations if the results are automatically admissible at trial and instead suggests that employers may be *less* willing to participate in EEOC proceedings if failing to participate can sabotage the effect and weight of an EEOC determination that is per se admissible.

Arizona or in an Arizona state court. While we acknowledge the benefits of uniformity and appreciate the systemic concerns raised by forum shopping,[2] we question whether adopting a per se rule will in fact substantially reduce forum shopping in the circuit. No other state in the Ninth Circuit that has considered the issue has embraced the per se rule. *See Michail v. Fluor Mining & Materials, Inc.*, 225 Cal. Rptr. 403, 403-04 (App. 1986) (upholding a trial court's exercise of discretion to determine whether an EEOC determination should be admitted to support a state law claim); *Mahan v. Farmers Union Cent. Exch., Inc.*, 768 P.2d 850, 858-59 (Mont. 1989) (upholding a trial court's exclusion of evidence of a probable cause determination made by a state agency in support of a state law claim); *Cantu*, 752 P.2d at 391 (upholding a trial court's exercise of discretion to determine whether an EEOC determination should be admitted to support a state law claim). Thus there is no uniformity between the states in the Ninth Circuit and the circuit itself, although a consensus is developing among the states of the circuit to employ a case-by-case analysis under the rules of evidence of each state. *See Michail*, 225 Cal. Rptr. at 404 n.1; *Bierlein v. Byrne*, 14 P.3d 823, 824-26 (Wash. Ct. App. 2000); *Cantu*, 752 P.2d at 391. We therefore conclude

---

[2] Ensuring uniformity is a more compelling motivator when substantive law is at issue. *See Weatherford v. State*, ___ Ariz. ___, ___, ¶ 9, 81 P.3d 320, 324 (2003).

that the preference for uniformity does not dictate that we adopt the Ninth Circuit's approach in this case.

¶18     Nor will adoption of a per se rule necessarily streamline trials.  The facts and conclusions contained in the EEOC reasonable cause determination can and, in most cases, will have to be demonstrated by other evidence in order for the plaintiff to prevail.  Thus, making the EEOC determination admissible per se does not necessarily reduce the evidence the plaintiff must otherwise produce to establish her case.  In addition, the trial judge "may consider that time spent by the defendant in exposing the weaknesses of the EEOC report would add unduly to the length of the trial." *Johnson*, 734 F.2d at 1309.  Presenting the determination then may, in a particular case, confuse the jury and waste the court's and jury's time.  Indeed, because the plaintiff must fully establish her case, there may be little probative value in presenting the conclusory statements contained in some EEOC determinations.  Under these circumstances, we are not prepared to say that in every case the determination's probative value will outweigh these concerns.

¶19     Shotwell also argues that EEOC determination letters should be presumed to be trustworthy, and therefore admissible, because the EEOC has expertise in investigating charges of discrimination and its reports are made pursuant to law. *State v. Bass*, 198 Ariz. 571, 579, ¶ 32, 12 P.3d 796, 804 (2000)

(calling trustworthiness the "cornerstone" of the hearsay exceptions). This claim reflects the policies underlying Arizona Rule of Evidence 803(8)(C), which parallels its similarly numbered federal counterpart. The Arizona provision requires that reports compiled by public agencies are excepted from the hearsay rule "[u]nless the sources of information or other circumstances indicate lack of trustworthiness." Ariz. R. Evid. 803(8).

¶20    We make two observations in response. First, in this case, no objections to the hearsay nature or trustworthiness of the report were made. Therefore, the report is presumed to be trustworthy and exempt from hearsay constraints. Second, as Shotwell concedes, Rule 803(8)(C) creates an exemption only from the requirements of the hearsay rule. It does not render any document satisfying the rule automatically admissible without regard to the resolution of other evidentiary objections that may have been made. Indeed, the comments to the hearsay rules themselves require that the hearsay exceptions that favor admission must be "counterbalanced by [analysis of the proffered evidence under] Rules 102 and 403." Ariz. R. Evid. 801 cmt.; *State v. Cruz*, 128 Ariz. 538, 541, 627 P.2d 689, 692 (1981); Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 803.02 (Joseph M. McLaughlin ed., 2d ed. 2003); *see also State v. Yamada*, 57 P.3d 467, 481 (Haw. 2002) (holding that

evidence qualifying under "an exception to the rule against hearsay . . . does not preclude the trial court from excluding the evidence, or a portion thereof, pursuant to . . . Rule 403, assuming that the trial court properly weighs the evidence's probative value against the danger of unfair prejudice").

¶21 In this case, Smith Painting did interpose an objection under Rule 403, which provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ariz. R. Evid. 403. Shotwell maintains that because the Determination is highly probative, its probative value necessarily outweighs other concerns and it should therefore be admitted. She would have Arizona courts forgo the Rule 403 analysis for EEOC determinations.

¶22 We are unpersuaded that doing so would sufficiently streamline trials that we should forgo the added protections that our rules make available. Adhering to the Arizona Rules of Evidence will invest the trial court with the discretion to admit or exclude reasonable cause determinations on a case-by-case basis as dictated by an analysis of the EEOC determination in each case and the factors in that case that militate in favor

of or against admitting the determination. Although some measure of predictability may be lost, a better result will be achieved more often than will occur under a per se rule requiring admissibility in all instances. For example, under a discretionary approach the trial court may consider a determination's probative value and weigh it against the expenditure of judicial resources entailed in litigating side issues or establishing necessary evidentiary foundations. The trial court will also be able to consider whether an EEOC reasonable cause determination is reliable, trustworthy, or probative, and evaluate whether the benefits that might be derived from its admission are outweighed by other circumstances such as unfair prejudice, waste of time, or confusion of the issues.

¶23    In determining the appropriate result in each case, a trial court may exclude the determination, limit admissibility to only portions of the determination, or give instructions addressing the weight to be given to the determination if it is admitted, or it may employ any combination of these safeguards. Simply applying our rules of evidence in determining the admissibility of a determination, as they would be applied to any other documentary evidence, will provide certainty to litigants and give trial judges the necessary discretion to allow appropriate use of the evidence offered. Trial judges

shackled by a per se rule lack the ability to control the effects of potentially unfair, prejudicial, duplicative, time consuming, confusing, and irrelevant evidence that may be contained in a determination letter. The discretionary approach allows trial judges, on a case-by-case basis, to apply the Rules of Evidence in a common-sense manner in evaluating the determination letters that come before them in the context of the cases in which they are presented.

¶24 While allowing trial courts discretion under the Arizona Rules of Evidence rather than adhering to a per se rule of admissibility may not always produce consistent results, there will be consistency in the evidentiary standard that will govern the admissibility of probable cause determinations. Courts will apply the same standard that applies to the admissibility of other documentary evidence in state courts.

¶25 The amicus maintains that the per se admissibility rule accords deference to Congress's mandate as well as to the EEOC's investigative efforts. We think the point is debatable. Congress may instead have intended that a trial be a complete re-examination of the facts, independent from that made by the EEOC. Such an intent is evidenced by its authorization of a full judicial review. *See Tulloss*, 776 F.2d at 153-54. Moreover, as noted in ¶ 8, Congress did not include in Title VII any language requiring that EEOC determinations be admissible at

trial.  Instead, the textual evidence indicates Congress's intent that the case be fully litigated.  As evidence of this intent, Congress provided in Title VII that EEOC investigators may be called as witnesses at trial.  *See, e.g., Walton v. Eaton Corp.*, 563 F.2d at 75 n.12; *Heard v. Mueller Co.*, 464 F.2d 190, 194 (6th Cir. 1972).

¶26    In sum, we conclude that the court of appeals erred in holding that the admissibility of the Determination was controlled by the Ninth Circuit's per se rule.  We hold that the admissibility of an EEOC determination letter must be resolved by reference to the Arizona Rules of Evidence.

## B.    Application of Arizona Rules of Evidence

¶27    Having decided that the Arizona Rules of Evidence will control the admissibility of an EEOC determination, we turn to the analysis of the Determination at issue in this case.  We must decide whether the trial court abused its discretion in deciding that Arizona Rule of Evidence 403 precluded admission of the Determination because it contained "conclusions."  *See Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506, 917 P.2d 222, 235 (1996) (noting that we review a trial judge's evidentiary rulings only for an abuse of discretion).

¶28    Although the EEOC Determination itself is hearsay, Smith Painting did not object to its admission on that basis.  Moreover, as the embodiment of the conclusions of "an

investigation made pursuant to authority granted by law," Ariz. R. Evid. 803(8)(C), an EEOC determination is assumed to be trustworthy and therefore admissible hearsay. *See Bass*, 198 Ariz. at 579, ¶ 32, 12 P.3d at 804.

¶29 Smith Painting did object on Rule 403 grounds, however. And because Rule 403 and the hearsay bar protect against different dangers, satisfying one rule does not necessarily satisfy the concerns addressed by the other. Rule 403 ensures that the probative value of the evidence is not substantially outweighed by other considerations set forth in the Rule.

¶30 Because Smith Painting made a timely objection under Rule 403, the trial court should have analyzed the Determination to see whether its admission into evidence might "mislead[] the jury," or cause "unfair prejudice[,] . . . undue delay, waste of time, or needless presentation of cumulative evidence." Ariz. R. Evid. 403. Smith Painting maintains that the Determination might well have spawned all of these ill effects because Smith Painting contests several of the facts upon which the EEOC investigator relied.[3] Moreover, Smith Painting argues, the

---

[3] For example, Smith Painting disagrees that it had no sexual harassment policy, that Shotwell was demoted because she complained of sexual harassment, that Shotwell was reassigned "as a result of the treatment she received," and that Smith Painting "failed to address [Shotwell's] concerns." Smith

document is unfairly prejudicial. In addition, because the Determination at issue here is "conclusory," it does not obviate the need for Shotwell to present to the factfinder the underlying evidence on which the conclusions are based, therefore wasting time and confusing the issues by requiring needless presentation of either unnecessary or potentially cumulative evidence.

¶31 In precluding the Determination, the trial judge employed the Rule 403 language that the document's prejudicial effect substantially outweighed its probative value, but he did so solely on the ground that the Determination was "conclusory" and "amounts to nothing more than a witness telling the jury how to decide the liability issues in this case." On reconsideration, the trial court reiterated its conclusion that the Determination was "unduly prejudicial because it 'contains a conclusive finding of liability.'" 10/09/2002 M.E. (quoting *Amentea-Cabrera v. Potter,* 279 F.3d 746, 749 (9th Cir. 2002)).

¶32 A document is not necessarily inadmissible, however, simply because it contains conclusions or is conclusory. *See Larsen v. Decker*, 196 Ariz. 239, 242, ¶ 12, 995 P.2d 281, 284 (App. 2000); *see also Williams*, 132 F.3d at 1128-29 (weighing the probative value of a determination, which was found to be

Painting asserts that a mini-trial would be necessary on each of these points.

minimal, against the potential for a jury attaching "undue weight" to the determination by adopting its conclusions as fact rather than as "a mere finding of probable cause"); *Johnson*, 734 F.2d at 1309 (weighing the probative value of an EEOC determination, which was found to be minimal given the "substantial evidence . . . presented to the jury on all matters summarized in the report," against the fact that admitting the determination "under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence presented," and the fact that admitting the determination would require a prolonged trial "to apprise the jury of the nature and extent of the EEOC investigation"). That the document contained some conclusory statements therefore is not, by itself, enough to render it inadmissible.

¶33 The trial court did not explain why it believed the Determination's prejudicial effect substantially outweighed its probative value or set forth any other ground under Rule 403 for excluding the document. While the Determination appears to be probative, from the record before us we cannot tell whether the trial court weighed its probative value against its potential prejudicial effect or whether the court considered any of the other dangers against which Rule 403 protects, such as

"confusion of the issues, . . . undue delay, waste of time, or needless presentation of cumulative evidence." Ariz. R. Evid. 403. For the benefit of the appellate court, a trial court conducting its Rule 403 analysis should explain on the record its Rule 403 weighing process. The court should also consider whether portions of the determination might be admissible or whether other safeguards, such as offering a limiting jury instruction, might be employed.

¶34     A proper Rule 403 balancing of probative value and prejudicial effect begins with a proper assessment of the "probative value of the evidence on the issue for which it is offered." *State v. Gibson*, 202 Ariz. 321, 324, ¶ 17, 44 P.3d 1001, 1004 (2002) (quoting Joseph M. Livermore et. al., *Arizona Practice: Law of Evidence* § 403, at 82-83, 84-86 (4th ed. 2000) (footnotes omitted)). "The greater the probative value . . . and the more significant in the case the issue to which it is addressed, the less probable that factors of prejudice or confusion can substantially outweigh the value of the evidence." *Id*. That the Determination assists Shotwell and harms Smith Painting does not necessarily mean that its probative value necessarily outweighs all other concerns. Indeed, "[i]f the issue is not in dispute, or if other evidence is available of equal probative value but without the attendant risks of the offered evidence, then a greater probability of substantial

outweighing exists." *Id.* The prejudice that Rule 403 speaks to is that which suggests a "decision on an improper basis, such as emotion, sympathy, or horror." *State v. Mott*, 187 Ariz. 536, 545, 931 P.2d 1046, 1055 (1997).

¶35 In this case, the Determination concludes that reasonable cause exists to believe that Smith Painting "discriminated against [Shotwell] by sexually harassing her based on her sex," that Smith Painting retaliated against Shotwell "because she complained of the sexual harassment," and that Shotwell was ultimately "constructively discharged" by the "unbearable" conditions at Smith Painting. The content of the Determination is certainly probative of matters at issue in the case. From the record before us, however, we cannot determine whether the trial court found the letter probative but unfairly prejudicial, or whether it excluded the letter because other 403 factors outweighed the probative value of the conclusory letter. Nor can we tell whether the trial court considered methods of limiting the Determination's prejudicial effect, such as admitting only portions of the Determination or providing limiting instructions.

¶36 We therefore remand this case to the trial court to balance the Determination's probative value and its prejudicial effect under Arizona Rule of Evidence 403. In that weighing process, the trial court must consider whether the probative

value of the Determination was substantially outweighed by the "confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" that its admission would have caused.

**CONCLUSION**

¶37 We decline to follow the rule of per se admissibility of EEOC determination letters in Title VII litigation and instead conclude that Arizona courts must apply the Arizona Rules of Evidence in determining whether such evidence should be admitted. Because the court of appeals applied a per se admissibility rule in this case and the trial court abused its discretion under Rule 403, we vacate both decisions and remand the case to the trial court for proceedings consistent with this opinion.

_____
Rebecca White Berch, Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Ruth V. McGregor, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice