*609 MAY, J.,
concurring in part and dissenting in part.
I concur in the majority’s conclusion that rulings on the admissibility of reasonable cause determination letters in employment discrimination cases are best left to the discretion of the trial judge, who has the unique vantage point to weigh the competing factors of probative value and prejudicial effect. This is particularly important as the facts and circumstances of each case will vary greatly. I dissent however from the majority’s conclusion that the trial court abused its discretion in admitting the letter in this case.
Most federal circuits have adopted the moderate approach of allowing the trial court discretion when determining the admissibility of determination letters. See, e.g., Davignon v. Hodgson, 524 F.3d 91, 112-13 (1st Cir.2008); Cooper v. Carl A. Nelson & Co., 211 F.3d 1008, 1018 (7th Cir.2000); Paolitto v. John Brown E. & C, Inc., 151 F.3d 60, 63-66 (2d Cir.1998); Williams v. Nashville Network, 132 F.3d 1123, 1129 (6th Cir.1997); EEOC v. Manville Sales Corp., 27 F.3d 1089, 1095 (5th Cir.1994); Hall v. W. Prod. Co., 988 F.2d 1050, 1057-58 (10th Cir.1993); Johnson v. Yellow Freight Sys., Inc., 734 F.2d 1304, 1309-10 (8th Cir.1984); Walton v. Eaton Corp., 563 F.2d 66, 75 (3d Cir.1977). Those courts that have addressed the issue, as it relates to reasonable or probable cause determinations, have likewise allowed trial courts the same discretion. See, e.g., Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1288 (11th Cir.2008); Tulloss v. Near N. Montessori Sch., Inc., 776 F.2d 150, 153-54 (7th Cir.1985); Cox v. Babcock & Wilcox Co., 471 F.2d 13, 15 (4th Cir.1972); Smith v. Universal Servs., Inc., 454 F.2d 154 (5th Cir.1972).
Similarly, state courts that have addressed the issue have come down on the side of discretion and have avoided a bright line rule of either admissibility or inadmissibility. See, e.g., Shotwell v. Donahoe, 207 Ariz. 287, 85 P.3d 1045 (2004); Cantu v. City of Seattle, 51 Wash.App. 95, 752 P.2d 390, 391-92 (1988); Michail v. Fluor Mining & Metals, Inc., 180 Cal. App.3d 284, 225 Cal.Rptr. 403 (1986). And, they have done so based upon good authority, the Supreme Court of the United States. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 170, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988) (“[Pjortions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule’s trustworthiness requirement, it should be admissible along with other portions of the report.”).
Given that standard, I cannot agree that the trial court abused its discretion in this case. Section 90.803, Florida Statutes (2008), provides for the admission of a determination letter as a public record unless there is a showing of untrustworthiness. There was no such showing in this case. In fact, the plaintiff admitted most of the file generated by the administrative proceeding. It objected only to the admission of the determination letter.
In addition, the majority oveiiooks a significant reality in this case — the admission of the determination letter was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Here, the determination letter contained the following information.

RATIONALE FOR THE DETERMINATION

The Broward County Civil Rights Division has completed its investigation of the above-entitled charge. The Charging party has alleged the Respondent discriminated against her on the basis of *610 disability in the area of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Bro-ward County Human Rights Act. The Respondent denied it discriminated against the Charging Party and provided an answer to the charge and supporting documents. Based on this information and the results of additional investigation, including information provided by relevant witnesses, the Bro-ward County civil Rights Division finds no reasonable cause.
The following is the basis for this conclusion:
Reasonable Accommodation
Generally, a disabled person’s requested accommodation must address a limitation caused by the disabling condition. The evidence does not indicate the charging Party’s unexcused absence from work during the third and fourth weeks of June was related to an illness associated with her physical impairment. Thus, the Respondent had no duty to excuse the Charging Party’s absence as a reasonable accommodation.
Discharge
The evidence indicates the Respondent has a policy “If you NO CALL/NO SHOW, you will be required to have a note from an emergency room, etc., or you will be terminated.” The evidence suggests the Charging Party provided only a phone number on a piece of paper with no doctor or clinic name. The fact the Respondent was willing to rehire the Charging Party if she produced medical verification for her absence further supports the conclusion the Respondent discharged the Charging Party because she did not produce a note from a doctor’s office or hospital and not because of her medical condition.
(Emphasis added). The determination letter concludes that the employer discharged the employee because she did not produce a note from a doctor’s office as required by the employer’s “NO CALL/NO SHOW” policy. Yet, the jury actually found that the employer had not terminated the employee. The first question on the verdict form asked the following:
1. That CAMESHIA BYRD’s employment at Wendy’s Coral Springs was terminated by the Defendant?
The jury answered “NO.” Thus, it is difficult, if not impossible, to conclude that the admission of the determination letter affected the jury’s verdict because it came to the completely opposite conclusion.
For these reasons, I concur in part and dissent in part. I concur in the adoption of the abuse of discretion standard as it applies to the admission of determination letters. Using this standard, I find no abuse of discretion and would affirm the final judgment.