

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1540-07

**GARLAND JEROME VENNUS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HARRIS COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., JOHNSON, KEASLER, HOLCOMB and COCHRAN JJ., joined. PRICE, J., filed a concurring opinion in which WOMACK, J., joined with respect to Part I. WOMACK, J., concurred. MEYERS, J., filed a dissenting opinion.

### O P I N I O N

Appellant was convicted of possession with intent to deliver a controlled substance weighing between four and 200 grams and was sentenced, as an habitual offender with two prior drug-related felony convictions, to twenty-five years' confinement. We address whether appellant, as the losing party at a motion to suppress hearing in the trial court, may complain on appeal that the State failed to carry its burden to prove for Fourth Amendment purposes, the reasonableness of appellant's detention and search of his car by the police when appellant prevented the State from carrying this

burden through his objections at the suppression hearing. We decide under the invited-error doctrine that appellant may not make this complaint on appeal.

Believing that appellant had drugs in the car that he was driving, undercover officer Gill directed other uniformed police officers to stop appellant after Gill observed appellant commit a traffic violation. Having "dealt with [appellant] before," Gill directed these uniformed officers to place appellant in a patrol car for "safety reasons" and "to prevent any kind of tampering with any evidence." Appellant would not allow the police to search his car, so Gill "called for a narcotics dog to check the vehicle for the odor of narcotics." The narcotics dog arrived with its handler about 30 minutes to an hour later. The dog immediately alerted to appellant's car, which led to Gill searching for and finding drugs in appellant's car.

Appellant claimed, in a hearing on his motion to suppress this evidence, that the police could have detained him only for so long as it would have taken the police to write him a ticket for the traffic violation and to check for warrants. He claimed that his continued detention in the patrol car to wait for a dog and the subsequent search of his car were illegal because the State could prove "no reasonable suspicion, no basis articulated" that would have led the police to believe that there were drugs in appellant's car before the dog alerted to the car. Appellant claimed at the suppression hearing:

> Here we're talking about the time from the [traffic] infraction to the time that the dog sniff arrived. We're not contesting that the dog sniff made probable cause once it was made in the interim time. We're talking about like 50 minutes certainly from the time the stop was made. We're talking in excess of 30 minutes, much more time to effect the citation, to issue the citation, to effect a warrant, to run a warrant.
>
> * * *
>
> This detention was illegal. The dog sniff should have never taken place and the arrest should not have happened. Any information, material or evidence stemmed from it should be suppressed.

* * *

There was no reasonable belief, [Gill] saw no contraband in the car that day. He saw no illegal or suspected illegal activity on the part of [appellant] and we're not contending that the dog search, the dog's search is bad. We're simply saying that the detention, while the dog team was coming throughout, based solely on prior knowledge that this officer had of the individual and suspicion, even in part an opinion on the part of the officer having arrested him several times. Whatever his motive may have been, the detention was unreasonable. There was no reasonable suspicion, no basis articulated to substitute the truth for reasonable suspicions on May 6th.

Gill, however, testified at the suppression hearing that he had a "reasonable belief" that appellant "had some kind of contraband in his car." But, when the State asked Gill to state the "basis articulated" for this belief, appellant made a general objection, which the trial court sustained.

Q. [STATE]: Now, based upon your training and experience, did you have a reasonable belief that the defendant had some kind of contraband in his car?

[THE DEFENSE]: Objection, calls for speculation.

[THE COURT]: Overruled.

A. [GILL]: Yes, I did.

Q. [STATE]: What was that based upon?[1]

[THE DEFENSE]: Objection, Your Honor--

---

[1] The State claims that the answer to this question "probably would have established facts supporting a finding that Gill had reasonable suspicion for the prolonged detention or the State would not have asked the question." We also note that there was nothing apparently objectionable to either the question or the answer it sought to elicit. *See Young v. State*, 137 S.W.3d 65, 69 (Tex.Cr.App. 2004) (specific objection is required to inform trial court and opposing party of the potential for error and conserves judicial resources by prompting the prevention of foreseeable, harmful events). We further note that appellant did not specifically object that the State was asking Gill about privileged information and that any other specific objection would have been meritless since, except with respect to privileges, the rules of evidence do not apply to suppression hearings. *See Granados v. State*, 85 S.W.3d 217, 226-30 (Tex.Cr.App. 2002).

[THE COURT]: That's sustained.[2]

The trial court denied appellant's motion to suppress. Appellant claimed on direct appeal that the trial court should have granted his motion to suppress because the State failed to prove that Gill "had reasonable suspicion for the prolonged detention necessitated by the wait for the arrival of the narcotics canine unit." The court of appeals agreed.[3]

The court of appeals also rejected the State's claim that appellant could not raise this claim

_____

[2]

The record reflects that the trial court also sustained a defense objection to Gill's testimony that he observed appellant "appear to have been conducting narcotic transactions" on a previous occasion.

Q. [STATE]: What was the nature of your coming into contact with [appellant]?

A. [GILL]: Doing surveillance in the area.

And I had been out out [sic] there on a previous occasion watching [appellant] appear to have been conducting narcotic transactions.

[THE DEFENSE]: Objection, Your Honor.

[THE COURT]: Sustained.

[3]

Viewed in the light most favorable to the trial court's ruling denying appellant's motion to suppress, the evidence in the suppression-hearing record would support findings that Gill's belief that there were drugs in appellant's car was based on a confidential informant's tip, on Gill's observation of appellant in an area of town known for narcotics activity (including Gill's observation of appellant stopping for a few minutes at a service station where "they actually sell crack cocaine"), on Gill's involvement in at least two prior drug-related arrests of appellant, and on Gill's 24-years' experience "on the street as a patrol officer dealing with street-level drugs." The court of appeals, however, decided that this evidence did not support a decision that Gill had reasonable suspicion to believe that there was drugs in appellant's car that justified appellant's detention in the patrol car until the dog arrived. *See Vennus v. State*, No. 13-05-244-CR slip op. at 9-12 (Tex.App.–Corpus Christi, delivered August 2, 2007) (unpublished memorandum opinion) (appellant's detention in patrol car violated Fourth Amendment because "the State never established articulable facts to sufficiently support a reasonable suspicion to detain appellant longer than necessary to write a citation and check for warrants"). The State does not challenge this decision on discretionary review.

on appeal under the invited-error doctrine "because his objections during the hearing on the motion to suppress prevented the State from showing the necessity of the detention." *See Vennus*, slip op. at 12-13 n.48. The court of appeals also rejected the State's claim that the search of appellant's car was incident to a lawful custodial arrest for the traffic violation. *See Vennus*, slip op. at 13. We exercised our discretionary authority to review the court of appeals' decision on the State's invited-error claim (ground one) and its claim of search incident to a lawful custodial arrest (ground two).[4]

We decide that appellant invited the claimed error that he raised on appeal regarding the State's failure to prove articulable facts (the "basis articulated") that led Gill to believe that there was contraband in appellant's car. The suppression-hearing record reflects that appellant prevented the State from fully presenting these articulable facts with general, nonspecific, and meritless objections in particular the objection, that, when sustained, prevented Gill from testifying as to why he believed that appellant "had some kind of contraband in his car." *See Murphy v. State*, 640 S.W.2d 297, 299-300 (Tex.Cr.App. 1982) (trial court sustaining defendant's meritless hearsay objection to State's attempt to prove legality of search of a house where defendant lived estopped defendant from complaining on appeal that the State "failed to demonstrate before the jury the basis of the legality of the search"); *Watenpaugh v. State Teacher's Retirement System*, 336 P.2d 165, 168 (Cal. 1959) (under invited-error doctrine, a party who has prevented proof of a fact by his erroneous objection will not be permitted to take advantage of his own wrong, and the reviewing court will assume that the fact was duly proved); *Kessler v. Gray*, 143 Cal.Rptr. 496, 499 (Cal. Ct. App. 1978) (applying this rule to improperly sustained hearsay objection resulting in lack of evidence to support

---

[4] Our disposition of ground one makes it unnecessary to address ground two, which we dismiss.

judgment);[5] *see also Druery v. State*, 225 S.W.3d 491, 505-06 (Tex.Cr.App. 2007) ("law of invited error estops a party from making an appellate error of an action it induced").

The court of appeals decided that the invited-error doctrine does not apply to this case because "appellant does not complain that his objections should not have been sustained by the trial court." *See Vennus*, slip op. at 12-13 n.48. It has also been suggested that the invited-error doctrine does not apply to this case because the State was prevented from proving what it was required to prove not by appellant's objections, but by the trial court's rulings on appellant's objections. As in

---

[5]

This rule was also applied in a case similar to this one in an unpublished California Court of Appeals decision in a juvenile-possession-of-a-firearm case to prevent the juvenile from arguing on appeal that the State failed to prove reasonable suspicion to believe that the juvenile had a gun. *See In re Vincent C.*, 2007 WL 172319 (Cal.App.2 Dist., delivered January 24, 2007). The Court analyzed the issue as follows:

> According to Vincent, that [a magnet coordinator for an elementary school] was told he had a gun was insufficient to create a reasonable suspicion. But the basis for her suspicion is not fairly demonstrable on this record. Vincent's counsel objected on hearsay grounds when the coordinator tried to testify about what she was told by Bennie. Though her testimony would not have been hearsay–because it was offered to prove what she heard and based her suspicion on rather than the truth of the matter asserted–the juvenile court precluded her testimony. [Footnote omitted]. We are left then, with a record that is bereft of the facts that are pivotal for our analysis. What did Bennie say or not say? Was his report that Vincent had a gun based on rumor or personal knowledge? Did Bennie see the gun? Was he told about the gun by Vincent? None of this was developed. This hole in the case was the result of invited error by Vincent's counsel.

> The doctrine of invited error is an application of the estoppel principle: Where a party by his conduct induces the commission of error, he is estopped from asserting it as a ground for reversal on appeal. ... At bottom, the doctrine rests on the purpose of the principle, which is to prevent a party from misleading the trial court and then profiting therefrom in the appellate court. [Citations omitted]. Where, as here, a party caused a judge to improperly exclude evidence based on hearsay, that party is locked into that strategy and whatever that strategy may reap.

*Vincent C.*, slip op. at 3 (internal quotes omitted).

*Murphy*, 640 S.W.2d at 299-300, however, the objections by the defense are what induced the trial court's action in sustaining them.[6] This case presents a situation where appellant is "making an appellate error of an action [he] induced." *See Druery*, 225 S.W.3d at 505-06 ("law of invited error estops a party from making an appellate error of an action it induced").

It has also been suggested that the State should lose on its invited-error claim because it should have responded to appellant's objections by first informing the trial court that the rules of evidence do not apply to a suppression hearing, and, if the trial court continued to sustain appellant's objections, by then making an offer of proof presumably under TEX. R. EVID. 103(b). The claim seems to be that the State is really complaining about the trial court's ruling excluding evidence, and that the State procedurally defaulted this claim by not making an offer of proof.

However, the State won in the trial court, and "ordinary notions of procedural default" did not prevent it from raising the invited-error claim on appeal as a basis to **affirm** the trial court's ruling denying appellant's suppression motion. *See Hailey v. State*, 87 S.W.3d 118, 121-22 (Tex.Cr.App. 2002) ("ordinary notions of procedural default" generally do not prohibit a reviewing court from **affirming** a trial court's decision on a legal theory not presented to the trial court by the prevailing party). The State is not in the position of losing in the trial court and then urging, on appeal, a **reversal** of the trial court's decision based on a theory (e.g., invited error) that the State did not present to the trial court or based on the trial court's ruling excluding evidence without having made an offer of proof. *See id*. (it does violate "ordinary notions of procedural default" for a reviewing court to **reverse** a trial court's decision on a legal theory that the appealing and losing

---

[6] *See* 36 Corpus Juris Secundum Federal Courts § 585 (party may not on appeal take advantage of errors which party invited or induced trial court to commit).

party did not present to trial court).

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

Hervey, J.

Delivered: April 22, 2009
Publish